## WILSON *et als. v.* THE STATE.

1. TAX COLLECTOR. *County Court.* *No power to take conditional bond.* The Chairman of the County Court has no power to accept a conditional bond from a tax collector, or a conditional delivery.

2. SAME. *Securities.* *Assent to remain liable may be given.* *How.* The act of 1873, ch. 102, sec. 6, requires securities of tax collectors to appear in open court and acknowledge in writing their willingness to remain liable for the defaults of their principal; but their assent to the change of the law might be given in any other mode equivalent to a common law bond or obligation and they would be bound thereby, especially in view of secs. 773–4 of the Code.

3. SAME. *Same.* The tax collector and his sureties are liable for the penalties collected by him, and no question as to the legality of collecting the penalties can be made by either.

### FROM MONROE.

This was a motion against Wilson, tax collector, and his sureties, for failure to pay over county revenue, in the Circuit Court of Monroe county. E. T. HALL, J., presiding. There was judgment against Wilson and his sureties, who appealed.

BROWN and McCROSKEY for Wilson and others.

ATTORNEY GENERAL LEA, PRICHARD & WELCKER for the State.

McFARLAND, J., delivered the opinion of the court.

The first defense of the sureties, that they signed and delivered the bond as an escrow, to take effect only upon condition that one Cannon also became bound

with them, is wholly insufficient.    The bond was ac-
knowledged by the sureties in open court, and accepted
and approved by the chairman.    In such case no such
question can be made; the chairman has no power to
accept a conditional bond or conditional delivery.  See
*McLean* v. *The State*, 8 Heis.    But in fact there was
no such conditional delivery.    Some of the sureties
were perhaps under the impression that Cannon was
also one of the sureties on the bond with them, as
he was then present in court, but he was in fact on
one of the other bonds which Wilson was by law
required to give.    This was simply their mistake.
Sureties upon official bonds cannot thus escape liability
after the officer has been inducted into office and al-
lowed to act upon the faith of their bond.    If neces-
sary, section 774 of the Code would cure any defect.

2d.   The next defense, to-wit, that the sureties did
not appear in the County Court and acknowledge in
writing their willingness to remain liable for the de-
faults of their principal, as required by the 6th section
of the act of 1875, ch. 102, is equally untenable.

We waive the question, whether the first sections
of this act, extending longer indulgence to the tax-
payers, would have discharged the sureties, in any event,
even if they had in no manner assented to remain
liable; but it clearly appears that they did by writing,
signed by each of them, acknowledge their willingness
to remain liable according to the terms of said act;
that this paper in due form was presented in court
and entered of record; and was, according to the re-
cord, subscribed and acknowledged in open court, and

upon the faith of this acknowledgment, Wilson was allowed to act without other bond. It is not denied that this writing was executed. The only objection is, that they did not appear in open court and acknowledge it. If it be even conceded that the recital of the record in this respect may be contradicted, still it is clear that the failure to acknowledge the execution of this paper in open court will not relieve the parties from its obligations, when its execution in fact is not denied. It is true, the act requires that the sureties shall appear in court and acknowledge their willingness to remain liable, but their assent to the change of the law, if necessary at all, might well be given in any other mode equivalent to a common law bond or obligation, and the sureties would be bound thereby, especially in view of sections 773-4 of the Code. The statute, as a matter of precaution, points out a mode by which the assent of the sureties may be evidenced; but it does not follow that assent in no other mode will be sufficient. And it is furthermore probable that the sureties are estopped by their subsequent conduct, in assuming by reason of their suretyship to take the collection of the taxes out of the hands of their principal.

3d. There was no error in charging the collector and his sureties with the penalties reported by him as collected. No question as to the legality of collecting the penalties can be made by either Wilson or his sureties. *McLean* v. *The State,* 8 Heis.

The collector had the benefit of all doubt upon the question of commissions, and the item of $350

objected to, if improperly charged, was at the same time credited to him as paid over, so as not to affect the account.

There is no error in the record, and the judgment will be affirmed.